UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SATELLITE TRACKING SYSTEMS, INC,

                       Plaintiff,

                                         CIVIL CASE NO. 06-10344

v.

LOGIC PRODUCT DEVELOPMENT        HONORABLE PAUL V. GADOLA
COMPANY,                                       U.S. DISTRICT COURT

                       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

Before the Court is Defendant's motion to dismiss or transfer, filed on January 25, 2006. Defendant Logic Product Development Company seeks to have this action dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or in the alternative, transferred to Minnesota pursuant to 28 U.S.C. § 1404(a). Plaintiff Satellite Tracking Systems filed a response on February 14, 2006. Defendant filed a reply on February 21, 2006. For the following reasons, the Court will deny the motion to dismiss and grant the motion to transfer venue.

**I.    Background**

Plaintiff Satellite Tracking Systems is a Michigan corporation with its principal place of business in Michigan, while Defendant Logic Product Development Company is a Minnesota engineering company with a principal place of business in Minnesota. In March 2005, Plaintiff began searching for a company to help produce and market a video mixing product. Through a third party Michigan company, Avnet Corp., Plaintiff and Defendant were put in contact with each other. Plaintiff and Defendant soon began contract negotiations and other communications via electronic

1

mail and telephone. This culminated on March 25, 2005, with Plaintiff signing a contract governing performance of the project ("the performance contract") and a separate contract entitled "Bilateral Confidentiality Agreement" ("the confidentiality agreement").

The performance contract does not contain a forum selection clause. It does, however, have a choice of law clause which states, "This Agreement shall be governed by the laws of Minnesota without regard to Minnesota's conflict of law rules." Pl. Resp., Ex. 8a (Feb. 14, 2006). The confidentiality agreement contains a choice of law and a forum selection clause which states, "This Agreement shall be construed under and according to the laws of the State of Minnesota. The parties agree that any litigation resulting from this agreement shall commence in a state or federal court sitting in the State of Minnesota. The parties consent to the jurisdiction of that court." Pl. Resp., Ex. 9 (Feb. 14, 2006).

Defendant argues that the performance contract and the confidentiality agreement should be considered together, with the forum selection clause being applicable to both contracts. Plaintiff contends, on the other hand, that the confidentiality agreement is a separate agreement from the performance contract. Plaintiff argues, also, that the confidentiality agreement is not at issue because Plaintiff has not alleged any violation of that agreement; instead, Plaintiff has only alleged violations of the performance contract.

The contractual relationship begun in March 2005 between Plaintiff and Defendant soon soured. Plaintiff alleges that Defendant's performance lagged behind schedule, that Defendant increased the price of the product from $114,056 to over $240,000, and that Defendant delivered the product three months late. Consequently, Plaintiff filed this action alleging breach of contract, breach of warranties, misrepresentation, fraud, and other causes of action.

On January 25, 2006, Defendant filed a motion to dismiss or, in the alternative, to transfer to Minnesota. Defendant argues that this Court does not have the authority to exercise personal jurisdiction over Defendant, and therefore it should be dismissed from the case as a matter of law pursuant to the Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In the alternative, Defendant argues that the case should be transferred to Minnesota pursuant to 28 U.S.C. § 1404(a).

## II. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction

Defendant Logic first moves to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Defendant argues that this Court is unable to exercise general or specific personal jurisdiction over Defendant.

Plaintiff bears the burden of establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Where the jurisdictional issue is decided pursuant to Federal Rule of Civil Procedure 12(b)(2) without an evidentiary hearing and solely on the basis of written materials, Plaintiff is only required to make a prima facie showing of jurisdiction. *Id.* The pleadings are considered in a light most favorable to Plaintiff and the Court does not weigh controverting assertions of the party seeking dismissal. *Id.* at 1459.

In diversity cases, such as the instant case, courts look to the law of the forum state to determine whether personal jurisdiction exists. *Nationwide Mutual Ins. Co. v. Tryg Int'l. Ins. Co., Ltd.,* 91 F.3d 790, 793 (6th Cir. 1996). The nature of Defendant's contacts with the forum determine whether personal jurisdiction is characterized as general or specific. *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992). General jurisdiction exists when Defendant exercises continuous and systematic contacts with the forum state, while specific jurisdiction exists when Plaintiff's claims arise out of or relate to Defendant's conduct with the forum state. *See id.*; *Kerry*

*Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 149 (6th Cir. 1998).

Here, the Court will first consider whether the forum can exercise specific personal jurisdiction over Defendants.  "A federal court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002).  Michigan's long-arm statute extends specific personal jurisdiction exists over nonresident corporations pursuant to Section 600.715 of the Michigan Compiled Laws.  *Id.*   Section 600.715 provides that personal jurisdiction will attach if a cause of action arises out of "[t]he transaction of any business within the state," "[t]he doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort," or "[e]ntering into a contract for services to be performed or for materials to be furnished in the state by the defendant," among other things.  M.C.L. § 600.715.  The Michigan Supreme Court has construed Michigan's long-arm statute to bestow the broadest possible grant of personal jurisdiction consistent with constitutional due process.  *See Sifer v. Horen*, 188 N.W.2d 623 (Mich. 1971).  Accordingly, the next step is to consider whether defendant has *International Shoe Co.* "minimum contacts" such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).  The Sixth Circuit has a three-part test for this analysis:

> First, the defendant must purposefully avail himself of the privilege of conducting activities within the forum state; second, the cause of action must arise from the defendant's activities there; and third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make its exercise of jurisdiction over the defendant fundamentally fair.

*Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998).

Defendant argues that it has not purposefully availed itself of the benefits and protections of Michigan's laws. In support, Defendant argues that its only contact with Michigan was telephone and electronic mail communications. Defendant also acknowledges that only two representatives travelled for a short time to Michigan. Defendant notes, however, that it does not have any employees or offices in Michigan and does not conduct normally conduct business in Michigan.

The Court recognizes that the mere fact that Defendant entered into a contract with a Michigan corporation does not automatically establish minimum contacts with Michigan. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). The Court finds, however, that Defendant had repeated and continuous communications and negotiations with Plaintiff in Michigan. When the contract between Plaintiff and Defendant was finalized, Defendant mailed to Plaintiff a contract, which Plaintiff signed in Michigan, thereby creating a contractual obligation. When considering all the circumstances of Defendant's actions towards Plaintiff in Michigan, the Court finds that Defendant had sufficient activities in Michigan to create a substantive connection with Michigan and that Defendant's actions were of such a kind that Defendant should have reasonably anticipated that it might be haled into court there. *See id.* at 474-75. Thus, it is fundamentally fair to exercise personal jurisdiction over Defendant.

Therefore, this Court finds that Plaintiff has shown a prima facie case of specific jurisdiction over Defendant. Having found specific jurisdiction, this Court need not consider whether general jurisdiction can be exercised over Defendant. Consequently, the Court will deny Defendant's motion to dismiss based on lack of personal jurisdiction.

**III.    Defendant's Motion to Transfer Venue**

Having found that Defendant is subject to personal jurisdiction in this forum, the Court will now consider Defendant's motion to transfer the case to Minnesota. Defendant argues that this

transfer would further the convenience of the parties and be in the interests of justice.

> Even if venue is proper, a district court can transfer venue "for the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). Under § 1404(a), the Court may transfer a civil action to "any other district or division where it might have been brought." *Id.* In making this decision, the Court must determine (1) whether the action could have been brought in the proposed transferee district, (2) whether a transfer would promote the interests of justice, and (3) whether a transfer would serve the parties' and witnesses' convenience. *United States v. P.J. Dick Inc.*, 79 F. Supp. 2d 803, 806 (E.D. Mich. 2000) (Gadola J.).

*Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 728-29 (E.D. Mich. 2006).

In this case, Defendant is a citizen of Minnesota, being incorporated in that state and having its principal place of business there. Thus, the action could have been brought in the proposed district. The Court must then consider whether a transfer would promote the interests of justice and whether it would serve the convenience of the parties and witnesses. Some relevant factors for this consideration are:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (quoting *Pilates, Inc. v. Pilates Inst.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995).

Defendant first argues that the forum selection clause is determinative here. As discussed above, the forum selection clause is located only in the confidentiality agreement, not in the performance contract. Since Plaintiff is alleging breach of the performance contract, and not the confidentiality agreement, the forum selection clause of the confidentiality agreement is not controlling. Consequently, Plaintiff argues that its choice of forum by commencing litigation in

Michigan should be given weight. The Court notes, however, that even though there is no forum selection clause in the performance contract, the existence of a forum selection clause in the confidentiality agreement does indicate that Plaintiff agreed to the possibility of having to litigate in Minnesota if a dispute arose concerning the confidentiality agreement. Thus, the forum selection clause in the confidentiality agreement does tend to support Minnesota as an appropriate forum for litigation in this matter.

The element of the convenience of witnesses favors Minnesota. Though some witnesses are located in both Michigan and Minnesota, the performance of the contract occurred in Minnesota. Thus, the majority of witnesses, such as project engineers and production staff who worked on the project and allegedly breached the contract, are located in Minnesota.

The location of relevant documents and access to sources of proof, and the locus of operative facts favor Minnesota. Though the contract was created by means of communications going between Michigan and Minnesota, the performance of the contract and its alleged breach are located in Minnesota. Thus, the majority of non-testimonial evidence will be located in Minnesota.

The forum's familiarity with the governing law favors Minnesota. Though the performance contract did not contain a choice of forum provision, it did contain a choice of law provision selecting the laws of Minnesota as governing. Obviously, a Minnesota court would be much more familiar with Minnesota law than a court in Michigan.

The other factors for consideration, such as the convenience of the parties and the relative means of the parties, do not favor either side. Considering all these factors, the Court finds that the convenience of parties and witnesses and the interests of justice tend to favor Minnesota as an appropriate forum. Furthermore, though Plaintiff argues that the absence of a choice of law provision in the performance contract indicates that it did not have an intention to litigate in

7

Minnesota, the performance contract did contain a provision choosing Minnesota law as governing any dispute.  Furthermore, the confidentiality agreement signed on the same day and between the same parties as the performance contract did contain a Minnesota choice of forum clause, which indicates that Plaintiff at least agreed to litigate in Minnesota if a dispute concerning the confidentiality agreement arose.  Based on the totality of all these circumstances, the Court finds that Minnesota is a more appropriate forum, and thus, will grant Defendant's motion to transfer.

## IV.    Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to dismiss or transfer [docket entry 2] is **DENIED** with respect to its request to dismiss for lack of personal jurisdiction and **GRANTED** with respect to its request to transfer to a more convenient forum.

**IT IS FURTHER ORDERED** that this action shall be transferred to the United States District Court for the District of Minnesota.

**SO ORDERED.**

Dated:    September 29, 2006                              s/Paul V. Gadola
                                                         HONORABLE PAUL V. GADOLA
                                                         UNITED STATES DISTRICT JUDGE

Certificate of Service
I hereby certify that on   October 2, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:        Dennis J. Diugokinski; John M. Simmerer                                         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                .

                                                         s/Ruth A. Brissaud
                                                         Ruth A. Brissaud, Case Manager
                                                         (810) 341-7845